# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Criminal Case No. 13-cr-00302-CMA-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.  EDGAR LEOPOLDO GARCIA-MARTINEZ,**

    Defendant.

_____

## PROTECTIVE ORDER
_____

The Court has received the Government's Motion for a Protective Order (Doc. # 133) concerning the use, custody, and circulation of Jencks Act material and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned case as to the above named defendant.   *See* Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2; Giglio v. United States, 405 U.S. 150 (1972);   United States v. Ruiz, 536 U.S. 622, 631-32**;** 122 S.Ct. 2450, 2456-57 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion.   The Government has expressed concerns that the *Jencks* Act protected documents, such as witness statements and reports of statements of witnesses or persons assisting law

enforcement, shall not be left in the exclusive custody of the defendant, citing concerns for witness safety that could stem from the unauthorized publication, duplication, or circulation of certain written documents.   In the context of pretrial discovery, the Court finds and concludes that the concerns expressed have merit.   Accordingly, the Government's Motion shall be granted at this time.

Being now sufficiently advised in the premises, the Court finds and concludes it is in the best interests of justice to grant the Government's Motion for Protective Order.

IT IS ORDERED that the *Jencks* Act material, to include witness statements and reports of witness statements and Fed. R. Crim. P. 16 material, to include photographs and personal identifying information, furnished to the defense in this case, shall be used for official purposes related to judicial proceedings in this case only.

IT IS FURTHER ORDERED that such *Jencks* Act material shall not be left in the exclusive custody of the Defendant.   The Defendant and other persons assisting the attorneys for the Defendant may review the *Jencks* Act material, but such review must be accomplished without violating the rule that the *Jencks* Act material is to remain, at all times, under the custody and physical control of the attorneys, either personally or through the custody and control of confidential employees of the attorneys.   The same custodial guidelines shall apply to the use of photographs of persons and personal identifying information provided to the defense pursuant to Rule 16.   Unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the Jencks Act material and Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be copied, reproduced, published or publicly circulated by the defense without further order of Court

or until its use in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

In the event that the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document or photograph, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described *Jencks* Act material, personal identifying information, and photographs shall be returned to the Government.

SO ORDERED this   23rd   day of September, 2014, at Denver, Colorado.

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge